UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| GREG FLEMING, an individual, and MARIA FLEMING, an individual,<br><br>         Plaintiffs,<br><br>   v.<br><br>NORTHWEST TRUSTEE SERVICES, INC., a corporation; FEDERAL HOME LOAN MORTGAGE CORPORATION, a corporation; SPECIALIZED LOAN SERVICIN, LLC, a limited liability company; ACTION MORTGAGE COMPANY, a corporation; and DOES 1 THROUGH 15, INCLUSIVE,<br><br>         Defendants. | NO. 2:15-cv-00102-SAB<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS** |

In December 2014, Greg and Maria Fleming filed suit in the Spokane County Superior Court against the defendants for three causes of action. First, to set aside the trustee's sale of the real property at 3003 East Ermina Ave., in Spokane, Washington. Second, for cancellation of the trustee's deed upon sale. Third, for damages for wrongful foreclosure. Defendant Federal Home Loan

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS ~ 1**

Mortgage Corporation ("Freddie Mac") removed the suit to this Court under federal question jurisdiction. 28 U.S.C. § 1331.

Shortly thereafter, Freddie Mac and Defendant Specialized Loan Servicing, Inc., ("SLS"), moved to dismiss the action under Federal Rule of Civil Procedure Rule 12(b)(6). ECF No. 5. Defendants Northwest Trustee Services, Inc. and Action Mortgage Company both joined the motion to dismiss. ECF Nos. 10 & 13.

### Motion Standard

Rule 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be granted." Under ordinary liberal pleading standards, a plaintiff need only plead sufficient facts, if taken as true, to allow the Court to draw reasonable inferences that a plausible ground for relief exists. *Harris v. County of Orange*, 682 F.3d 1126, 1131 (9th Cir. 2012) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Rule 12(b)(6) dismissal is "appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).

To sufficiently state a claim for relief and survive a Rule 12(b)(6) motion, a complaint does not need detailed factual allegations but it must provide more than a "formulaic recitation of the elements of a cause of action. *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007). The factual allegations must be enough to raise a right to relief above the speculative level. *Id.* When considering a motion to dismiss, a court must accept as true all "well-pleaded factual allegations." *Iqbal,* 556 U.S. at 678.

### Analysis

The motion to dismiss rests on two primary arguments. First, the Flemings claims to set aside the trustee's sale and for cancellation of the trustee's deed upon sale should be dismissed with prejudice because they are barred by waiver. Second, the Flemings' claim for damages was inadequately plead and should be dismissed without prejudice. Additionally, the Flemings failed to file a response to

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS** ~ 2

the motion to dismiss which may be deemed as consent to entry of an adverse order. *See* Local Rule 7.1(d).

It is well-settled in Washington that a mortgagor must bring suit to restrain a trustee's sale prior to the sale or risk waiving any proper grounds for invalidating the sale. *See* RCW 61.24.040(1)(f)(IX); RCW 61.24.130; *Frizzel v. Murray*, 179 Wash.2d 301, 306 (2013); *Plein v. Lackey*, 149 Wash.2d 214, 229 (2003). Here, the Flemings effectively waived their right to challenge the sale because they had notice of the sale, had actual or constructive knowledge of their defense to the foreclosure, and failed to bring an action to obtain a court order enjoining the sale. *See Lackey*, 149 Wash.2d at 227. Accordingly, it is appropriate to grant Defendants' motion to dismiss the Flemings' first two claims with prejudice.

The Flemings fail to adequately state a claim for wrongful foreclosure for which relief may be granted. The Flemings do not cite any statute supporting the wrongful foreclosure claim, and it is unclear how this claim is not also waived due to the Flemings' failure to challenge the foreclosure prior to the trustee's sale. The Flemings do not allege any specific damages and do not provide the faintest causal link that explains what wrongful acts by any of the defendants led to damages. Therefore, the Court grants Defendants' motion to dismiss the Flemings' claim for damages without prejudice.

### Conclusion

Plaintiffs' failure to file a timely response to Defendants' motion to dismiss is a sufficient basis to grant Defendants' motion under the Local Rules. However, the motion to dismiss independently succeeds on its merits as well. The Flemings waived their grounds for challenging the foreclosure when they failed to seek relief prior to the trustee's sale. Additionally, the Flemings failed to adequately plead a claim for damages.

//

//

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS** ~ 3

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendants' Motion to Dismiss, ECF No. 5, is **GRANTED**.

2. Plaintiffs' claims to set aside the trustee's sale and for cancellation of trustee's deed upon sale, are dismissed **with prejudice**.

3. Plaintiffs' claim for damages for wrongful foreclosure is dismissed **without prejudice**.

4. The District Court Executive is **directed** to enter judgment in favor of Defendants and against Plaintiffs.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to enter this Order, enter judgment, and provide copies to counsel.

**DATED** this 12th day of June 2015.



Stanley A. Bastian
United States District Judge

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS ~ 4**